IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA PHINISEE, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) Case No. CIV-20-767-D |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS INC, TRANSUNION LLC and ENHANCED RECOVERY COMPANY LLC, | ) ) ) |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff TINA PHINISEE as and for her Complaint respectfully alleges as follows:

## I. INTRODUCTION

1. This is a civil action by Plaintiff TINA PHINISEE, an individual consumer, seeking actual, statutory and punitive money damages, litigation costs and reasonable attorneys' fees against Defendants EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and TRANSUNION LLC ("TransUnion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and Defendant ENHANCED RECOVERY COMPANY LLC ("Enhanced Recovery") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692-1692p ("FDCPA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under (a) 15 U.S.C. § 1681p (b) 15 U.S.C. § 1692k(d), and (c) 28 U.S.C. § 1331. Venue in this District is proper in that the

Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

### III.   PARTIES

3. Plaintiff, TINA PHINISEE, is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Upon information and belief, Experian is an Ohio corporation duly authorized and qualified to do business in the State of Oklahoma.

5. Upon information and belief, TransUnion is an Illinois corporation duly authorized and qualified to do business in the State of Oklahoma.

6. Upon information and belief, Defendant Enhanced Recovery is a Florida entity with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256.

7. Defendants are "furnisher(s) of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

8. Enhanced Recovery is a furnisher of information to Experian and TransUnion, "consumer reporting [agencies] that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

9. Enhanced Recovery regularly attempts to collect debt from consumers alleged to be due to one another. Enhanced Recovery is a "debt collector" as defined by the FDCPA, 15 USC 1692a(6).

## IV.   FACTS OF THE COMPLAINT

10. On approximately August 15, 2019 Enhanced Recovery furnished one trade line: Account No. 711556230 in the amount of $1,614.03.

11. Plaintiff wanted to obtain a residential mortgage loan and was gradually rebuilding her credit. On or about November 2019, Plaintiff applied for pre-approval for a residential mortgage loan and credit card and was denied. Plaintiff thereafter obtained a copy of her consumer report and discovered inaccurate, false information furnished by Enhanced Recovery.

12. On approximately November 5, 2019 Plaintiff disputed the validity of the debt. In particular, Plaintiff advised Enhanced Recovery that she filed for bankruptcy protection pursuant to the United States Bankruptcy Code in the Western District of Oklahoma, Case No. 14-10394, and the alleged debt was discharged in 2017 pursuant to the bankruptcy.

13. After disputing multiple times, Plaintiff was unable to obtain debt validation or get the inaccurate tradeline removed. Therefore Plaintiff hired legal counsel and disputed again through legal counsel directly with the consumer reporting agencies, particularly Experian and TransUnion.

14. On approximately May 7, 2020 and June 5, 2020 Plaintiff disputed through legal counsel directly with Enhanced Recovery. Enhanced Recovery did not provide a response to the dispute.

15. On approximately May 22, 2020 Plaintiff filed a complaint with the Consumer Financial Protection Bureau regarding the inaccurate Enhanced Recovery tradeline.

16. Upon information and belief Defendants Experian and TransUnion provided notice of Plaintiff's dispute to Defendant Enhanced Recovery.

17. Plaintiff received reinvestigation results from Experian dated May 28, 2020 wherein Enhanced Recovery falsely certified that that information it is reporting regarding this alleged debt is accurate, despite Plaintiff's repeated disputes.

18. Upon information and belief, Defendants Experian and TransUnion did not have a procedure in place to assure maximum possible accuracy of the Enhanced Recovery trade line information prior to preparing a consumer report concerning Plaintiff and continued to falsely report the debt as delinquent after notice of Plaintiff's dispute.

19. Upon Plaintiff's request for verification of the Enhanced Recovery trade line information and in accordance with its routine and standard procedures, Defendants Experian and TransUnion did not evaluate or consider any of Plaintiff's information, claims or evidence, nor make any attempt to substantially or reasonably verify the Enhanced Recovery debt.

20. Enhanced Recovery continued to report the alleged debt as delinquent to Experian and TransUnion from approximately August 15, 2019 through June 11, 2020. Defendants Experian and TransUnion continued to report the alleged debt as delinquent in Plaintiff's consumer report from approximately August 15, 2019 through June 11, 2020.

21. The alleged inaccurate, unverifiable debt impacted Plaintiff's debt to income ratio.

22. As a result of the actions and inactions of the Defendants, Plaintiff suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## V.  FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendants Experian and TransUnion)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above.

24. Defendants Experian and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the Enhanced Recovery trade line information when preparing a consumer report purportedly concerning Plaintiff.

25. Defendants Experian and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

26. At all times alleged herein, Defendants Experian and TransUnion acted negligently and/or willfully.

27. Defendants Experian and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants Experian and TransUnion)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above.

29. Defendants Experian and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

30. Defendants Experian and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

31. Defendants Experian and Trans Union have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

32. Defendants Experian and TransUnion have done so either negligently or willfully.

33. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

34. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendants Experian and TransUnion)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above.

36. Defendants Experian and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

37. Defendants Experian and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

38. At all times alleged herein, Defendants Experian and TransUnion acted negligently and/or willfully.

39. Defendants Experian and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## (Defendants Experian and TransUnion)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1-39 above.

41. Defendants Experian and TransUnion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the Enhanced Recovery tradeline on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify Enhanced Recovery that the information was deleted from Defendant's file of Plaintiff.

42. Defendants Experian and TransUnion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

43. Defendants Experian and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

44. At all times alleged herein, Defendants Experian and TransUnion acted negligently and/or willfully.

45. Defendants Experian and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants Experian and TransUnion)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1-38 above.

47. Defendants Experian and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

48. Defendants Experian and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

49. At all times alleged herein, Defendants Experian and TransUnion acted negligently and/or willfully.

50. Defendants Experian and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendants Experian and TransUnion)

51. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-50 above.

52. Defendant Experian has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

53. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

54. Defendant Experian acted negligently and/or willfully.

55. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (Defendant Enhanced Recovery)

56. Plaintiff re-alleges and incorporates by reference paragraphs 1-55 above.

57. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the collection item that was discharged in Chapter 7 bankruptcy information that is furnished to the Consumer Reporting Agencies.

58. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

59. Defendant's conduct was negligent and/or willful.

60. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

61. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

### XII. EIGHTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)
### (Defendant Enhanced Recovery)

62. Plaintiff re-alleges and incorporates by reference paragraphs 1-61 above.

63. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies, on the collection item that was discharged in Chapter 7 bankruptcy.

64. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

65. Defendant's conduct was negligent and/or willful.

66. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

67. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XIII. NINTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)
### (Defendant Enhanced Recovery)

68. Plaintiff re-alleges and incorporates by reference paragraphs 1-67 above.

69. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the accurate information about the Chapter 7 bankruptcy to the consumer reporting agencies and by failing to report the results of the reinvestigation on the discharged information.

70. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

71. Defendant's conduct was negligent and/or willful.

72. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

73. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XIV. TENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### (Defendant Enhanced Recovery)

74. Plaintiff re-alleges and incorporates by reference paragraphs 1-73 above.

75. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable because the debt was discharged in bankruptcy.

76. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

77. Defendant's conduct was negligent and/or willful.

78. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

79. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XV. ELEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### (Defendant Enhanced Recovery)

80. Plaintiff re-alleges and incorporates by reference paragraphs 1-79 above.

81. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the bankruptcy information in their system, (ii) delete the inaccurate or unverifiable, erroneous, discharged bankruptcy information, or (iii) block the re-reporting of inaccurate or unverifiable information.

82. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

83. Defendant's conduct was negligent and/or willful.

84. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

85. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XVI. TWELFTH CLAIM FOR RELIEF
### 15 U.S.C. §1692e(2)(A)
### (Defendant Enhanced Recovery)

90. Plaintiff re-alleges and incorporates by reference paragraphs 1-89 above.

91. Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the alleged debt to the consumer reporting agencies when the debt was discharged by bankruptcy.

92. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

93. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XVII. THIRTEENTH CLAIM FOR RELIEF
## 15 U.S.C. §1692f(1)
### (Defendant Enhanced Recovery)

86. Plaintiff re-alleges and incorporates by reference paragraphs 1-85 above.

87. Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an alleged debt that was discharged pursuant to bankruptcy.

88. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

89. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XVIII.     JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff TINA PHINISEE respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

    A.    Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1692k(a).

    B.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and 15 USC § 1692k(a)(1);

    C.    Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b) and 15 USC § 1692k(a)(3);

    D.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 4, 2020

By:  s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
PO Box 5302
Edmond, OK 73083
(405) 456-9406
thlegalconsulting@gmail.com
*ATTORNEY FOR PLAINTIFF*